

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 28, 1964

Mr. Bill Clayton
Texas Legislative Council
P. O. Drawer D
Capitol Station
Austin, Texas

Opinion No. C- 303

Re: Whether it would be consti-
tutional for the Legislature
to provide that districts
created under Article 7880-1
through 7880-147z1 could au-
thorize terms of office for
the members of the governing
bodies of the districts to
be for more than two years.

Dear Mr. Clayton:

You have requested an opinion from this office concerning:

". . .whether or not it would be consti-
tutional for the legislature to provide that
districts created under V.A.C.S., Article 7880-1
through 7880-147z1 could authorize terms of
office for the members of the governing bodies
of the districts to be for more than two years."

In this connection you have stated that the:

". . .House Interim Committee to Study the
Protection and Development of Soil and Water
Resources has been requested to consider proposing
legislation to allow water districts to provide
for four-or six-year terms of office for members
of the governing bodies of the districts. . . ."

Article XVI, Section 30 of the Constitution of Texas,
provides in part that:

"The duration of all offices not fixed by
this Constitution shall never exceed two years.
. . ."

Article XVI, Section 30a of the Constitution of Texas,
provides that:

"The Legislature may provide by law that
the members of the Board of Regents of the State
University and boards of trustees or managers of
the educational, eleemosynary, and penal institutions
of the State, and such boards as have been, or may
hereafter be established by law, may hold their
respective offices for the term of six (6) years,
one-third of the members of such boards to be
elected or appointed every two (2) years in such
manner as the Legislature may determine; vacancies
in such offices to be filled as may be provided
by law, and the Legislature shall enact suitable
laws to give effect to this section."

In the case of San Antonio Independent School District
v. State, 173 S.W. 525 (Tex.Civ.App. 1915, error ref.), the
Court, in commenting upon whether Article XVI, Section 30a of the
Constitution of Texas was applicable to the term of office of
members of the board of trustees of an independent school district,
stated that:

". . .The boards enumerated in the Constitu-
tion /Article XVI, Section 30a7 are clearly all
state boards, or boards of the state  . . .

". . .

"If the Legislature in preparing the consti-
tutional amendment had intended all boards elected
or appointed, whether state, county, or municipal,
no mention would have been made of certain state
boards; but the amendment would have been formulated
so as to have included public boards of every des-
cription.  . . .

". . .

"We cannot agree to the proposition that
the members of the San Antonio school board are
state officers or members of a state board, and
we conclude that Section 30a has no application
to any but state boards.  . . ."  (Emphasis added)

Subsequent to the decision in San Antonio Independent
School District v. State, supra, the Supreme Court of Texas in
the case of Lower Colorado River Authority v. McCraw, 125 Tex.
268, 83 S.W.2d 629 (1935), in discussing Article XVI, Section 30a
of the Constitution of Texas, stated that:

". . .It is settled that this constitutional
provision refers to state boards. . . ."

In the case of Banker v. Jefferson County Water Control
and Improvement District, 277 S.W.2d 130 (Tex.Civ.App. 1955, error
ref., n.r.e.), the Court held in its opinion that:

"The District was organized under and by
authority of Section 59, Article 16, of the
Constitution, Vernon's Ann.St. and Article 7880-1
to 7880-147z, Vernon's Texas Civil Statutes. . . .

". . .

"Districts, including Water Control and
Improvement Districts, created by or pursuant
to statutes enacted under the aforesaid provi-
sions of the Constitution have been consistently
recognized by our courts as being political sub-
divisions of the State which perform governmental
functions and which stand upon the same footing
as counties and other political subdivisions es-
tablished by law. Willacy County Water Control
and Improvement Dist. No. 1 v. Abendroth, 142
Tex. 320, 177 S.W.2d 936. . . ." (Emphasis
added)

The cases of San Antonio Independent School District
v. State, supra, and Lower Colorado River Authority v. McCraw,
supra, clearly indicate that the provisions of Article XVI,
Section 30a of the Constitution of Texas, allowing terms of
office in excess of two (2) years, has no application to any
but state boards. In turn, the case of Banker v. Jefferson
County Water Control and Improvement District, supra, discloses
that those districts created pursuant to Article 7880-1 through
7880-147zl are political subdivisions rather than state boards.

In view of the foregoing, we are of the opinion that
the term of office of the members of the board of directors of
those districts created pursuant to Article 7880-1 through Article
7880-147zl is controlled by Article XVI, Section 30 of the Consti-
tution of Texas, and would therefore be limited to a term of two
(2) years. Any lengthening of this term of office beyond the
period of two (2) years would require a constitutional amendment.

### S U M M A R Y

The term of office of the members of the
board of directors of a district created pursuant

to Article 7880-1 through Article 7880-147z1 is controlled by Article XVI, Section 30 of the Constitution of Texas, and would be limited to a term of two (2) years.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey

Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Charles Swanner
James Strock
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone